## COMMONWEALTH *v.* DAN RICE.

**Municipal Corporations—Ordinance—Violation—Trial—Fine—Appearance.**
   It is erroneous to try and fine one on constructive notice only, for violation of a city ordinance without his personal appearance.

**Appeal—Reversal—Proper Result.**
   Where an appeal is taken and prosecuted by one whose liability was necessarily incidental to that of defendant without objection for informality or irregularity in the mode of procedure in the circuit court, the judgment will not be disturbed, where it appears that the proper result was reached.

APPEAL FROM FULTON CIRCUIT COURT.

December 8, 1872.

OPINION BY JUDGE HARDIN:

As it appears that under the act of March 10, 1854, the city of Hickman had "the exclusive power to tax and license" shows exhibiting or performing within its limits. Rice was not liable to be fined under the act of February 17, 1866, for exhibiting his show in Hickman as charged in the warrant against him, but if he was, his offense being personal, it was erroneous to try and fine him upon constructive service only and without his personal appearance.

It is true the appeal does not appear to have been formally taken in the name of Rice, but it was taken and prosecuted by Taylor, whose liability was necessarily incidental to that of Rice; and it was so prosecuted without objection for informality or irregularity in

the mode of procedure in the circuit court; and the trial having resulted properly, as we think, in vacating both the judgment against Rice and the bond of Taylor, the judgment of the circuit court ought not, in our opinion, now to be disturbed.

Wherefore the judgment is *affirmed*.

*H. A. Tyler, for appellant.*